PEOPLE v HOWARD

Docket No. 49706. Submitted January 14, 1981, at Lansing.—Decided March 16, 1981.

Joseph D. Howard was convicted of armed robbery and was sentenced to prison, Calhoun Circuit Court, Stanley Everett, J. He appeals, alleging that the trial court erred in denying his motion to suppress evidence of his prior unspecified felony conviction. *Held:*

The trial court erred in allowing impeachment of defendant by the use of evidence of a prior unspecified felony conviction.

Reversed and remanded.

BEASLEY, P.J., dissented. He would hold that the determination whether the probative value of admitting evidence of a prior unspecified felony conviction outweighs possible prejudicial effects should be made by the trial court in its discretion. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — IMPEACHMENT — PRIOR UNSPECIFIED CONVICTIONS — TRIAL — EVIDENCE.

Impeachment of a defendant by informing a jury only of the existence of the defendant's prior felony convictions without providing the names of the offenses is improper; it is the nature rather than the fact of a prior felony conviction which is to be used by a jury in evaluating the credibility of a defendant.

DISSENT BY BEASLEY, J.

2. CRIMINAL LAW — IMPEACHMENT — PRIOR UNSPECIFIED CONVICTIONS — JUDICIAL DISCRETION — RULES OF EVIDENCE.

*A trial court is required to exercise its discretion in deciding whether the probative value of admitting evidence of a defendant's previous convictions, including evidence of unspecified prior felony convictions, as bearing on a defendant's credibility, outweighs any possible prejudicial effect of admitting such*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 585.
29 Am Jur 2d, Evidence § 327.

*evidence by considering the nature of the prior offenses, whether the prior conviction was for substantially the same conduct for which the defendant is on trial, and the effect on the decisional process should the defendant choose not to testify out of fear of impeachment by use of evidence of the prior convictions (MRE 609).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *John H. MacFarlane,* Senior Assistant Prosecutor, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and C. J. HOEHN,* JJ.

R. B. BURNS, J. Defendant was accused of driving the getaway car in connection with the perpetration of a robbery of Young's Pharmacy in Albion, Michigan. Defendant denied any participation in the crime. He was tried by a jury and convicted on a charge of armed robbery, MCL 750.529; MSA 28.797.

Prior to trial, defendant moved to suppress evidence of his prior conviction of assault with intent to do great bodily harm less than murder. The trial court ruled that the prejudicial effect of this evidence would not outweigh its probative value as to defendant's credibility; however, it further stated that because the element of assault in both the prior conviction and the armed robbery charge might cause confusion in the minds of the jurors the prosecutor would not be allowed to inquire into the nature of the prior conviction. Defendant argues on appeal that the trial court erred in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ruling that evidence of the prior unspecified felony conviction was admissible.

The Supreme Court in *People v Van Dorsten,* 409 Mich 942; 298 NW2d 421 (1980), entered an order and stated, "It is improper to impeach a defendant by telling the jury only of the existence of the unnamed prior felony convictions without providing the names of the offenses. It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility."

Reversed and remanded for a new trial.

C. J. HOEHN, J., concurred.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

I do not believe *People v Van Dorten*[1] is intended by the Supreme Court to announce a new rule that under no circumstances will a trial judge be permitted to exercise the discretion afforded him under MRE 609 to determine whether the probative value of admitting evidence of a prior unspecified conviction outweighs possible prejudicial effects. For over a century many, if not a majority of, trial judges have exercised the discretion vested in them under this rule and under the case law. This is not to deny the existence of a difference of opinion regarding this complex and important evidentiary issue. But, it is to say that the Supreme Court does not change a substantial portion of existing practice with summary, four-sentence orders such as employed in *Van Dorsten.*

For the reasons set forth in detail in *People v Huff,*[2] I would affirm.

---

[1] 409 Mich 942; 298 NW2d 421 (1980).

[2] 101 Mich App 232; 300 NW2d 525 (1980).