PEOPLE v LONGWISH

Docket No. 53006. Submitted June 8, 1981, at Detroit.—Decided
   August 19, 1981. Leave to appeal applied for.

Keith B. Longwish was convicted, on his plea of guilty, of armed
   robbery, Wayne Circuit Court. The defendant was also charged
   with felony-firearm, as an aider and abettor. Harold Hood, J.,
   dismissed the felony-firearm charge pursuant to the defendant's
   motion to dismiss. The people appeal the dismissal of the
   felony-firearm charge. *Held:*

   Presently, as was held in *People v Johnson*, 411 Mich 50; 303
   NW2d 442 (1981), one may be convicted of aiding and abetting
   the commission of a separately charged crime of carrying or
   having a firearm in one's possession during the commission of a
   felony if it is established that the defendant procured, coun-
   seled, aided or abetted and so assisted in obtaining the pro-
   scribed possession or in retaining such possession otherwise
   obtained. At the time the trial court dismissed the felony-
   firearm charge there was a split in authority as to whether one
   could be charged as an aider and abettor of felony-firearm. The
   *Johnson* decision should be applied retroactively to those ap-
   peals which were pending at the time that *Johnson* was de-
   cided, March 30, 1981. Such application limits the number of
   felony-firearm cases to be retried and provides consistency in
   the application of the statute in those cases pending on appeal
   insuring that cases before the Court of Appeals will receive the
   same disposition that Supreme Court cases have in the past.

   Order vacated and remanded.

1. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.
   One may be convicted of aiding and abetting the commission of a

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 166, 167.
   79 Am Jur 2d, Weapons and Firearms §§ 7, 9.
   Offense of carrying concealed weapon as affected by manner of
      carrying or place of concealment. 43 ALR2d 492.
[2-4] 4 Am Jur 2d, Appeal and Error § 300.
   5 Am Jur 2d, Appeal and Error § 729.
   Prospective or retroactive operation of overruling decision. 10
      ALR3d 1371.

separately charged crime of carrying or having a firearm in one's possession during the commission of a felony if it is established that the defendant procured, counseled, aided or abetted and so assisted in obtaining the proscribed possession or in retaining such possession otherwise obtained.

2. APPEAL — RETROACTIVITY.

Generally, full retroactivity is the rule and prospectivity is the exception for application of an announced rule of law; retroactivity may be limited, however, when a balancing of three factors so dictates: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of retroactive application of the new rule on the administration of justice.

3. APPEAL — RETROACTIVITY.

A purpose of clarifying existing law is sufficient for the retroactive application of a rule of law.

4. APPEAL — RETROACTIVITY.

The effect of retroactive application of a new rule of law on the administration of justice could be marked where there has been profound reliance on the old rule.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Gary Granader,* for defendant on appeal.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

PER CURIAM. Defendant was charged with the crime of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

28.424(2). On June 2, 1980, defendant pled guilty to the count of armed robbery and was sentenced to serve one year and one day to three years in prison. The felony-firearm count was dismissed pursuant to defendant's motion. The people bring this appeal challenging the propriety of the dismissal of the felony-firearm count.

The charges against defendant stemmed from the armed robbery of a Little Caesar's pizzeria on February 27, 1980. The manager of the pizzeria testified at the preliminary examination that a young man and young woman had entered the store, that the young woman had pointed a pistol at him and demanded money, that he had handed over the money, and that the pair then left, running to a car.

A Livonia police officer testified that he arrested defendant based on the strength of information from a female juvenile who stated that she had robbed the store with the defendant. This juvenile told the officer that defendant had taken the gun, belonging to his father, from his house without the father's knowledge. The officer further testified that when arrested, defendant admitted to having some money from the robbery and agreed to go to his house to retrieve the pistol used in the robbery. The pistol was given to the officer by defendant's father at his house.

A statement made by defendant to the police indicated that defendant had taken the pistol from his father's drawer, had driven to a gas station where he had given the gun to another female who robbed the gas station, and then drove to Little Caesar's where he gave the gun to the female juvenile. In pleading guilty, defendant admitted having knowingly participated in the armed robbery but indicated that during the rob-

bery the female juvenile held the gun which came from his father's drawer.

At the time this matter was in circuit court, there was a split in the Court of Appeals concerning application of the aider and abettor statute to the felony-firearm statute. That conflict has since been resolved in *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981), wherein the Court held that one may be convicted of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, if it is established that the defendant procured, counseled, aided or abetted and so assisted in obtaining the proscribed possession or in retaining such possession otherwise obtained. 411 Mich 50, 54.

Although the trial court's dismissal of the felony-firearm count, under the facts of this case, was erroneous in view of the *Johnson* decision, it was validly supported at the time by the decisions in *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). The issue in the present case, therefore, is whether the decision in *Johnson* is to be applied retroactively.

Generally, full retroactivity is the rule, and prospectivity is the exception. *People v Markham,* 397 Mich 530, 548; 245 NW2d 41, 49 (1976) (LEVIN, J., dissenting), *People v Young,* 410 Mich 363, 373; 301 NW2d 803 (1981) (LEVIN, J., concurring and dissenting), *People v Bryant,* 80 Mich App 428, 435; 264 NW2d 13 (1978). Retroactivity may be limited, however, when a balancing of three factors so dictates. The three factors are: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of retroactive application of the new rule on the administration of justice. *People v Young, supra,* 366.

Applying the first factor, it is clear that the purpose of the rule announced in *Johnson* was to mend the split concerning application of the felony-firearm statute which had developed within this Court by providing criteria for determining guilt based on participation not involving actual possession or use of a firearm during the commission of a felony.

The Court's choice of granting leave to decide two cases involving conflicting results indicates the Supreme Court's purpose was to clarify existing law. This purpose supports retroactive application of the rule since such an application would serve to reconcile the inconsistent results under the felony-firearm statute which have preceded the new rule. Such a reconciliation would provide for a uniform application of criminal justice. In addition, relying upon *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979), this Court has indicated that a purpose of clarifying existing law is sufficient for the retroactive application of a rule of law. *People v Slager,* 105 Mich App 593; 307 NW2d 376 (1981), *People v Szymanski,* 102 Mich App 745, 747; 302 NW2d 316 (1981).

The second and third factors may be considered together, as the extent of the reliance on the old rule often determines the effect upon the administration of justice. *People v Hampton,* 384 Mich 669, 677; 187 NW2d 404 (1971), *People v Taylor,* 99 Mich App 613, 616; 299 NW2d 9 (1980).

Where there has been profound reliance on the old rule, the effect of retroactive application of the new rule on the administration of justice could be marked, *People v Rich,* 397 Mich 399, 403; 245 NW2d 24 (1976). It cannot be said that there has been profound reliance on the old rule. In fact, the "old rule" consisted of two or more inconsistent

applications which led to the split in this Court. In addition, the statute, enacted on January 1, 1977, is a virtual legislative newborn and, as such, has not been the subject of profound reliance. Thus, retroactive application, in all likelihood, will not cause a disruption of the administration of justice.

The Supreme Court in *Markham, supra,* 547, indicated that the third retroactivity factor focuses primarily on the impact on prosecutorial and judicial resources of requiring a large number of retrials.

While it cannot be said that retroactive application of the rule will not lead to retrials, this Court is not of the opinion that such retrials as do occur will be particularly burdensome. In order to insure that retrials remain at a reasonable level, we limit retroactive application of the new rule to those appeals which were pending at the time that *Johnson* was decided. See *People v Kamin, supra,* 495, *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980). Such application will serve a two-fold purpose: it limits the number of felony-firearm cases to be retried and it provides consistency in the application of the statute in those cases pending on appeal, insuring that cases before this Court will receive the same disposition that Supreme Court cases have in the past. *People v Bryant, supra,* 437.

We vacate the order dismissing the felony-firearm count against defendant and remand the case to the trial court for further proceedings to determine the felony-firearm count consistent with the rule announced in *Johnson.*