PEOPLE v McBRIDE

Docket No. 67261. Decided May 17, 1982. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded for a new trial.

Robert L. McBride was convicted by a jury in the Oakland Circuit Court, John N. O'Brien, J., of uttering and publishing forged instruments. Before the trial, the court ruled that if the defendant should testify, the prosecutor could ask him about a prior felony conviction of counterfeiting, but without naming the crime. The Court of Appeals, Beasley and Deneweth, JJ. (T. M. Burns, P.J., dissenting), affirmed in an unpublished opinion per curiam (Docket No. 49501). The defendant applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Impeachment of a defendant testifying in his own behalf by reference to a prior unnamed felony is not permissible. It is the nature, not the fact, of the prior felony that affects credibility. The trial court erred in its ruling.

Under the circumstances of this case, the error cannot be said to have been harmless. The evidence against the defendant was not overwhelming; the only evidence connecting him directly to the crime was the testimony of an admitted accomplice. The facts on which the defendant would attempt to defend himself lay primarily within his own unique knowledge, and he did not testify on his own behalf because of the erroneous evidentiary ruling. The test is not whether the evidence of his guilt was overwhelming, but whether the ruling was harmless beyond a reasonable doubt.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Lawson & Lawson, P.C.* (by *David M. Lawson*), for defendant.

PER CURIAM. At the defendant's trial on six counts of uttering and publishing forged instruments,[1] he moved to exclude reference to his prior conviction of counterfeiting.[2] The trial court ruled that if the defendant testified, his credibility as a witness could be impeached by evidence that the defendant had previously been convicted of a felony without informing the jury of the nature of that felony. The defendant ultimately did not testify. He contends that the ruling of the trial court in this regard prompted this decision. We conclude that the trial court's ruling was erroneous and that the error was not harmless.

## I

Prior to the commencement of trial, the defendant moved to exclude reference to his prior felony conviction. Defense counsel informed the court that it was "very probable" that the defendant would testify. Defense counsel also pointed out that the prior conviction was of a crime which was very similar to the charge of which the defendant was accused. The trial court responded:

"[I]t is my judgment that the prosecutor will be permitted, should the defendant choose to put his credibility in issue by taking the stand, the prosecutor will be permitted to inquire of him with regard to any prior felony convictions, but just convictions, not as to the label of the conviction. I'm inclined to agree with you, Mr. Rundell [defense counsel], reference to the specific nature of the crime charged for which your client was convicted has an opportunity, it seems to me, to create

---

[1] MCL 750.249; MSA 28.446.

[2] A federal offense.

a prejudicial circumstance that would far outweigh its probative value. The only probative value of testing the respondent's credibility. I am concerned that the juror listening to the label of the earlier conviction is liable to conclude that he is guilty of this crime, and the elements of this crime, because of the former crime, and it's not the purpose for which it is permitted in the first place. Its purpose is only to question credibility and believability.

"So, I think if Mr. Mitchell [assistant prosecuting attorney] limits himself to inquiry as to whether or not the respondent has a prior conviction, the date of that conviction, that's enough for the purpose of credibility, but no specific reference to the kind of crime it was."

The defendant did not testify.

The Court of Appeals majority, in an unpublished per curiam opinion, noted that other panels of that Court had ruled that it was error to admit evidence of a prior felony conviction without specifying the nature of the crime, citing *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979), and *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979). However, the majority held that the trial court's error in this case was harmless in light of the "overwhelming" evidence of the defendant's guilt.

In dissent, Judge T. M. Burns wrote:

"Contrary to what the majority believes, I do not find evidence implicating defendant in this crime to be 'overwhelming'. The only evidence adduced at trial directly linking defendant to this crime was the testimony of his accomplice, Joan Rates, who had been released on a personal bond and had had other charges pending against her dropped after she agreed to testify against defendant. Further, we should not lose sight of the fact that because of the lower court ruling on this point, defendant did not take the stand and testify on his own behalf. In cases such as the instant case where

the only evidence connecting defendant directly with the crime comes from an admitted accomplice, where the jury's determination of defendant's guilt or innocence will rest primarily upon the credibility of the accomplice's testimony, where the facts on which defendant will attempt to defend himself lie primarily within his own unique knowledge, and where the defendant fails to testify on his own behalf because of an erroneous evidentiary ruling by the trial judge, I believe that we must reverse. *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967); *People v Hughes,* 93 Mich App 333, 342; 287 NW2d 226 (1979) (T. M. Bᴜʀɴs, J., *dissenting).*

"The test for whether a lower court ruling that is admittedly erroneous should be the basis for reversal is not, as the majority opinion would seem to imply, whether the evidence of defendant's guilt is 'overwhelming'. Rather, it is whether the erroneous lower court ruling is harmless beyond a reasonable doubt. I cannot say that the erroneous lower court ruling in this case is harmless beyond a reasonable doubt. Therefore, I would reverse defendant's conviction and remand this case for a new trial."

The defendant has filed an application for leave to appeal, and the prosecutor has filed a response.

## II

In *People v VanDorsten,* 409 Mich 942 (1980), we issued an order in which we stated in relevant part:

"It is improper to impeach a defendant by telling the jury only of the existence of unnamed prior felony convictions, without providing the names of the offenses. It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility."

We note the observations made by Chief Judge DANHOF in *People v Garth, supra,* 93 Mich App 317-318:

"Felony convictions cover a wide range of activities from advocating polygamy, MCL 750.441; MSA 28.696, through perjury in a court of law, MCL 750.422; MSA 28.664, to felony murder, MCL 750.316; MSA 28.548. Because many ·felonious activities have little if any relationship to veracity, a prior felony conviction is not in itself a reliable indication of lack of credibility. Without knowledge of the nature of the felony, the trier of fact has no probative evidence to consider, merely an amorphous suggestion that defendant's past is blameworthy."

While we recognize that the trial court was seeking to minimize the potential for prejudice to the defendant, the fact remains that it was error to rule that impeachment by virtue of a prior unnamed felony would be permissible.

Furthermore, we agree with Judge T. M. BURNS' dissent, quoted *supra,* that, under the circumstances of this case, the error cannot be said to have been harmless.

Our resolution of this issue makes it unnecessary to discuss defendant's other allegations of error.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and of the Oakland Circuit Court, and we remand the case to the Oakland Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.