PEOPLE v McSHAN

Docket No. 57149. Submitted July 1, 1982, at Grand Rapids.—Decided
October 18, 1982. Leave to appeal applied for.

Felix T. McShan, Jr., was convicted of felonious assault and
felony-firearm and was sentenced following a bench trial in
Calhoun Circuit Court, Stanley Everett, J. Defendant appeals.
*Held:*

1. Although attorneys may no longer impeach a witness by
revealing the fact that he has unspecified felony convictions
and although a prosecuting attorney has a duty to correct any
apparent reversible error which occurs during the course of a
trial, the prosecutor had no duty to prevent defense counsel
from impeaching his own witness with evidence of unspecified
prior convictions.

2. Defendant is not entitled to reversal of his convictions due
to ineffective assistance of counsel where defense counsel failed
to request that evidence of defendant's prior convictions be
excluded. Defendant would not have had a reasonably likely
chance of acquittal even if defense counsel had not raised the
prior unspecified convictions.

3. Defendant would not have had a reasonably likely chance
of acquittal if defense counsel had elicited testimony from
defendant's wife, the victim, during cross-examination to the
effect that she had lied during defendant's probation revocation
hearing. This information was divulged on redirect examina-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 7] 75 Am Jur 2d, Trial §§ 269, 863, 869.

   81 Am Jur 2d, Witnesses § 571.

[2] 63 Am Jur 2d, Prosecuting Attorneys §§ 3, 27.

[3] 5 Am Jur 2d, Appeal and Error § 948.

[5] 81 Am Jur 2d, Witnesses § 2.

[6] 6 Am Jur 2d, Assault and Battery §§ 3, 48, 49.

[7] Effect of prosecuting attorney asking defense witness other than
accused as to prior convictions where he is not prepared to offer
documentary proof in event of denial. 3 ALR3d 965.

[7] Construction and application of Rule 609(a) of the Federal Rules of
Evidence permitting impeachment of witness by evidence of prior
conviction of crime. 39 ALR Fed 570.

tion. Defendant is not entitled to reversal of his convictions due to ineffective assistance of counsel on this basis.

4. The case must be remanded for a hearing to determine whether the prosecuting attorney exercised due diligence in attempting to produce a res gestae witness. The trial judge is to affirm the convictions if the missing res gestae witness's testimony would have been merely cumulative, her absence harmless error, or the prosecutor could not have possibly produced her.

5. If the trial court affirms defendant's convictions, it must give its reasons for doing so since the present record does not show whether the judge considered the specific intent element necessary for felonious assault, and without knowing whether he did consider that aspect of the offense it cannot be determined whether or not the judge correctly followed the law.

6. There was sufficient evidence presented at trial to prove the specific intent either to injure the victim or to put her in reasonable fear of battery.

Remanded.

R. M. MAHER, J., dissented. He would reverse on the basis that defendant's trial counsel was incompetent and because the prosecuting attorney actively participated in the improper attack on defendant's credibility. He would grant defendant a new trial with the assistance of a competent attorney.

## OPINION OF THE COURT

1. CRIMINAL LAW — IMPEACHMENT — PRIOR UNSPECIFIED CONVICTIONS.

   Impeachment of a defendant by informing a jury only of the existence of the defendant's prior felony convictions without providing the names of the offenses is improper; it is the nature rather than the fact of a prior felony conviction which is to be used by a jury in evaluating the credibility of a defendant.

2. PROSECUTING ATTORNEYS — OFFICERS OF THE COURT.

   A prosecutor, as an officer of the court, has a duty to see that apparent reversible error is not committed, even if the error is favorable to his case.

3. CRIMINAL LAW — APPEAL.

   A conviction will not be reversed because of a serious mistake unless it is reasonably likely that the defendant would have been acquitted had the mistake not occurred; the mistake must be so significant that it may have been decisive in the defendant's conviction.

4. Criminal Law — Impeachment — Similar Offenses — Prior Convictions.

The admission of evidence of a defendant's prior convictions for offenses similar to that presently charged is a matter within the trial judge's discretion.

5. Criminal Law — Res Gestae Witnesses — Due Diligence.

The question of whether due diligence has been shown by a prosecutor in attempting to produce res gestae witnesses is a matter for the discretion of the trial court.

6. Assault and Battery — Felonious Assault.

Felonious assault requires either an intent to injure or an intent to put the victim in reasonable fear of immediate battery.

Dissent by R. M. Maher, J.

7. Criminal Law — Prosecuting Attorneys — Impeachment — Unspecified Felony Convictions.

*Reversal of a defendant's conviction is required where defense counsel impeached defendant by bringing out the fact that defendant had prior unspecified convictions and the prosecuting attorney, instead of remaining silent on the matter, improperly pointed out to the jury that two of defendant's prior convictions were for felonies.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Kenneth G. Walters,* Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: M. J. Kelly, P.J., and R. M. Maher and R. L. Tahvonen,* JJ.

M. J. Kelly, P.J. Defendant was convicted after a bench trial on November 19, 1980, of felonious assault, MCL 750.82; MSA 28.277, and felony-firearm, MCL 750.227b; MSA 28.424(2), and sentenced to serve consecutive sentences of two years in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prison and three years probation. Defendant appeals as of right.

At the conclusion of defense counsel's direct examination of defendant, the following discourse between defense counsel and the defendant took place:

> *Q.* "All right. Felix, you have been arrested and convicted of offenses in the past; is that true?
> *A.* "Yes, sir.
> *Q.* "How many times?
> *A.* "About three or four convictions."

Cross-examination by the prosecutor subsequently started with:

> *Q.* "Is that felony convictions?
> *A.* "Two felonies."

Attorneys may no longer impeach a witness with an unspecified felony conviction. *People v VanDorsten,* 409 Mich 942; 298 NW2d 421 (1980). Even though *VanDorsten* was merely an order, it is binding precedent. *People v Huff,* 411 Mich 974; 308 NW2d 110 (1981); *People v Howard,* 104 Mich App 598; 305 NW2d 268 (1981).

Defendant has raised two issues concerning the above exchange. First, he argues that the prosecution had the duty to prevent defense counsel from impeaching his own witness with unspecified prior convictions. In *People v Denny,* 86 Mich App 40, 44; 272 NW2d 332 (1978), we stated:

> "We also note that the prosecutor must share responsibility for this error. The prosecutor, as an officer of the court, has the duty to see that apparent reversible error is not committed, even if the error is favorable to his case. * * *. 'The duty of the prosecutor is to seek

justice, not merely to convict'. As an officer of the court
and a law enforcement official, the prosecutor must act
not only as the sword of justice but also as the shield of
justice. If the prosecutor recognizes that error is being
committed, it is his duty to seek its immediate correc-
tion. A failure to exercise this duty results in costly and
time-consuming retrials which could have been
avoided."

In *Denny,* the trial judge had allowed the prose-
cutor to impeach the defendant with evidence of a
similar prior conviction. Instead of weighing the
similarity against admissibility, the trial judge
weighed this similarity in favor of its admissibility.
As such, the above quoted reason was only one
reason why we reversed in *Denny.* Although
*Denny* is correct within its context, we must stress
its limitations. No analysis was undertaken here,
and we do not hold a prosecutor to the duty to
anticipate incomplete explication by defense coun-
sel of a defendant's prior convictions for strategic
purposes of defusing impeachment.

Defendant is also complaining of ineffective as-
sistance of counsel. A conviction will not be re-
versed for a serious mistake unless it is reasonably
likely that the defendant would have been acquit-
ted. In other words, the mistake must be so signifi-
cant that it may have been decisive in the defen-
dant's conviction. See *People v Coyle,* 104 Mich
App 636; 305 NW2d 275 (1981); *People v Degraf-
fenreid,* 19 Mich App 702; 173 NW2d 317 (1969).
Defendant is arguing that evidence of the prior
convictions, armed robbery and attempted armed
robbery, would have been excluded under the
three-prong standard established in *People v Craw-
ford,* 83 Mich App 35; 268 NW2d 275 (1978), had
defense counsel requested it be excluded. However,
the admission of evidence of such convictions is a

matter within the trial judge's discretion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). Although some courts have suggested that evidence of a conviction of robbery is not as probative of credibility as evidence of convictions of such offenses as larceny and perjury, see *People v Fries,* 24 Cal 3d 222, 229; 155 Cal Rptr 194, 199; 594 P2d 19, 24 (1979), it does have some bearing on credibility. We cannot say that the trial judge would have abused his discretion in admitting evidence of convictions ·for armed robbery and attempted armed robbery in order to impeach defendant in his felonious assault trial.

Furthermore, this was a bench trial. In some situations, a conviction in a bench trial will be affirmed even though a conviction in a jury trial would have been reversed. See, *e.g., People v Lundberg,* 364 Mich 596; 111 NW2d 809 (1961). In addition, the evidence was very strong against defendant. We do not believe defendant would have had a reasonably likely chance of ·acquittal if defense counsel had not presented references to the prior unspecified convictions.

During redirect examination, defendant's wife, the victim, admitted that she had lied during defendant's probation revocation hearing. Obviously, such testimony would have been pertinent if defense counsel had elicited it during cross-examination. However, even when combined with the alleged mistake raised above, we decline to reverse. For the reasons stated above, we do not believe that, absent these two mistakes, it would have been reasonably likely that defendant would have been acquitted.

Defendant argues next that the prosecution failed to exercise due diligence in producing a res gestae witness. Whether due diligence has been

exercised is a determination left to the trial judge's discretion. *People v Donald,* 103 Mich App 613; 303 NW2d 247 (1981).

We find this issue very close. Defendant's case had been postponed a number of times. The trial was at one time set for October 8, 1980. The witness, although not subpoenaed, appeared at that time. She was then subpoenaed for the new trial date of October 21, 1980. At that time, she told a member of the prosecutor's office that she would be drifting between Battle Creek, Detroit, and Chicago. She did not know for sure where she would be and had no telephone number or address to give. However, she stated that the prosecutor should contact her children who were staying with her mother and they would contact her.

The trial was eventually set for November 18, 1980. The prosecutor did not attempt to subpoena this witness until five days before trial. A police officer then went to the witness's mother's house. There, he talked to the witness's son, who stated that she lived in Kalamazoo but would probably not be there until November 15th or 16th. On the 15th, a police officer went to the address given, but no one was there. The Kalamazoo Detective Bureau was asked to look for the witness. During the trial, the Kalamazoo Police went to another address of the witness in Kalamazoo, but were told that she no longer lived there and had given no forwarding address.

Although this case is close, we are remanding for a hearing pursuant to *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). We are convinced that if the prosecutor had attempted to secure the witness's presence earlier than five days before trial, there would have been a reasonably likely chance of securing her. In *People v Pearson,* 404

Mich 698, 717; 273 NW2d 856 (1979), the Supreme
Court stated:

"Of particular concern to this Court, however, is that
no serious effort was made sufficiently in advance of
trial to allow for the difficulties which occurred."

The prosecution has the burden of establishing due
diligence. The record shows that the witness did
keep in contact with her children but does not
reveal when the witness's children were told that
she had to be in court on November 18th. If they
had been told earlier, it is reasonably likely that
the prosecutor would have been able to contact her
in time for trial.

Therefore, we are remanding for a hearing. At
this hearing, the trial judge is to affirm the convic-
tion if the missing res gestae witness's testimony
would have been merely cumulative, failure to
produce resulted in a harmless error, or the prose-
cutor could not possibly have produced her. See
*Pearson, supra,* p 725.

If the trial court should affirm, it must give its
reasons for its findings on the record in compliance
with GCR 1963, 517.1. One reason for this court
rule is to ensure that the trial judge has followed
the law. *People v Bruce Ramsey,* 89 Mich App 468;
280 NW2d 565 (1979), lv den 407 Mich 861 (1979).
*People v Joeseype Johnson,* 407 Mich 196; 284
NW2d 718 (1979), held that felonious assault re-
quires either an intent to injure or an intent to
put the victim in reasonable fear of immediate
battery. The trial judge, in his opinion, did not at
all mention this specific intent element in feloni-
ous assault. As such, we cannot determine
whether or not the trial judge correctly followed
the law.

Defendant also claims that the evidence pre-

sented at trial was insufficient to prove the specific intent either to injure his wife or to put her in reasonable fear of immediate battery. However, his wife testified that he pointed the gun at her and stated, "Bitch, I ought to kill you". That is sufficient.

We need not address defendant's other issue.

Remanded.

R. L. Tahvonen, J., concurred.

R. M. Maher, J. *(dissenting)*. I respectfully dissent.

In the instant case, the prosecution must share with defense counsel the responsibility for defendant's impeachment by evidence of prior unspecified felony convictions. Although I would not impose a duty upon the prosecution to prevent defense counsel from impeaching his client with evidence of prior unspecified convictions, the record shows that the prosecution was an active participant in the improper attack on defendant's credibility. The prosecutor did not remain silent after defense counsel had finished impeaching his own client; rather, the prosecutor pointed out to the jury that defendant had previously been convicted of two felonies. Thus, reversal is required. *People v McBride,* 413 Mich 341; 319 NW2d 535 (1982).

It may be true, as the majority states, that if defense counsel had sought to suppress evidence of his client's prior convictions, and that if the trial court had refused this request, this would not have constituted an abuse of discretion. This argument, however, misses the point. The crucial factor is not what the trial court might have done if it had been asked to exercise its discretion but, rather that, through his incompetence, defense counsel

denied his client an opportunity to benefit from a favorable exercise of the trial court's discretion. Defense counsel's inexplicable failure to file a motion *in limine* to suppress evidence of his client's prior convictions cannot be fairly characterized as "trial strategy". This failure, compounded by defense counsel's inept attempt to "defuse" the prosecution's impeachment of his client, and coupled with his failure to impeach defendant's wife with evidence of her prior inconsistent statements, denied defendant the effective assistance of counsel.

I must respectfully disagree with the majority's implicit holding that defense counsel performed "at least as well as a lawyer with ordinary training and skill in the criminal law", see *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976). Defendant is entitled to a new trial with the assistance of a competent attorney.

I would reverse.