PEOPLE v REYNOLDS

Docket No. 55740. Submitted November 3, 1982, at Lansing.—Decided December 21, 1982.

James L. Reynolds was convicted of three counts of drawing a check without having a checking balance and of being a six-time felony offender, Ingham Circuit Court, Thomas L. Brown, J. Defendant appealed. *Held:*

The trial court erred in ruling that the prosecutor could impeach defendant by evidence of two prior unspecified felonies. The rule that this is so applies retroactively. While this error is not reversible per se, it is in this case because defendant failed to testify and the case against him was not overwhelming and largely circumstantial.

Reversed and remanded with instructions.

1. Appeal — Retroactivity.

A decision of the Supreme Court which resolves a substantive issue on which there has been a split of authority in the Court of Appeals should be given retroactive effect in the absence of a directive that the ruling be applied prospectively only.

2. Criminal Law — Impeachment — Unspecified Felony.

The allowance by a trial court of impeachment of a defendant by evidence of prior unspecified felonies does not constitute reversible error per se.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Susan K. Marshall,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

References for Points in Headnotes
[1] 20 Am Jur 2d, Courts § 233.
[2] 81 Am Jur 2d, Witnesses § 571 *et seq.*

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and R. L. TAHVONEN,* JJ.

PER CURIAM. On September 24, 1980, defendant was convicted by jury of three counts of drawing a check without having a checking balance, contrary to MCL 750.131a; MSA 28.326(1). Five days later, in a bench trial, defendant was found to be a six-time felony offender, pursuant to MCL 769.12-769.13; MSA 28.1084-28.1085. Sentenced on October 8, 1980, to 7-1/2 to 15 years in prison, he appeals of right raising three issues: (1) failure of the prosecution to call a res gestae witness; (2) impeachment by evidence of two unspecified convictions; and (3) error in instructing the jury. We find the second issue dispositive and remand for a new trial.

Before trial began, the prosecutor indicated that if the defendant took the stand, the prosecution intended to impeach defendant with evidence of breaking and entering in 1977, attempted breaking and entering in 1975, uttering and publishing in 1975, and attempted larceny in a building in 1967. The trial court expressed reluctance to use the 1967 conviction because of its age, and, citing *People v Moseley,* 94 Mich App 461; 290 NW2d 39 (1979), ruled that the 1970 uttering and publishing conviction could be referred to as an unspecified felony and the 1975 attempted breaking and entering could be referred to specifically. Defense counsel objected, stating that with one offense specified and the other unspecified, the jury might infer that the unspecified conviction related to passing bad checks. The following exchange then occurred:

"*The Court:* It could, perhaps.

* Circuit judge, sitting on the Court of Appeals by assignment.

*"Mr. Stiles:* And I am thinking it would be the wisest way for the court would be to strike out that 1970 but since this is in your discretion and from all the circumstances—

*"The Court:* Or I could direct the prosecutor just to inquire whether Mr. Reynolds acquired a felony in October of '70 and also October of '75.

*"Mr. Stiles:* That would be somewhat better.

*"The Court:* Is that agreeable, Mr. Schafer?

*"Mr. Schafer:* I have no problem with that, your Honor."

Further consideration was postponed until the jury was selected and the prosecution obtained records of the prior convictions. Subsequently, during the trial, the court ruled that the two convictions were felonies involving dishonesty, theft and false statement, and that their probative value outweighed their prejudicial effect on defendant. The court then ruled that the prosecutor "may make inquiry in both matters as we agreed earlier".

Defendant's trial occurred in September 1980. At that time, this Court was split on the question of impeachment by evidence of unspecified prior felonies. Holding the practice error were: *People v Jones,* 92 Mich App 100, 112-113; 284 NW2d 501 (1979); *People v Garth,* 93 Mich App 308, 315-316; 287 NW2d 216 (1979), *lv den* 409 Mich 854 (1980). Condoning the practice were: *Moseley, supra,* and *People v Van Dorsten,* 96 Mich App 356, 359; 292 NW2d 134 (1979).[1] Thus, the trial court can hardly be faulted for ruling that impeachment by evidence of unspecified convictions was permissible. However, on November 19, 1980, the Supreme Court reversed *Van Dorsten,* stating:

[1] Also, *People v Huff,* 101 Mich App 232, 237; 300 NW2d 525 (1980), decided by this Court November 1980, two months after trial in the instant case.

"[W]e reverse the Court of Appeals judgment and remand the case to the Calhoun Circuit Court for a new trial. It is improper to impeach a defendant by telling the jury only of the existence of unnamed prior felony convictions, without providing the names of the offenses. It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility." 409 Mich 942.

Subsequent to the Supreme Court's order in *Van Dorsten,* this Court has ruled that impeachment by evidence of prior unspecified convictions is erroneous. *People v Kramer,* 108 Mich App 240, 245-246; 310 NW2d 347 (1981); *People v Ovegian,* 106 Mich App 279, 282-283; 307 NW2d 472 (1981); *People v Slager,* 105 Mich App 593, 596-597; 307 NW2d 376 (1981); *People v Howard,* 104 Mich App 598, 600; 305 NW2d 268 (1981).

Nevertheless, the prosecution argues that the error is not reversible on two grounds. First, since *Van Dorsten* was not decided until two months after defendant's trial, the ruling should not be applied retroactively. Second, the error was harmless.

The question of *Van Dorsten's* retroactivity is of first impression. However, where there has been a split of authority on a substantive issue in this Court and a subsequent decision of the Supreme Court resolves the dispute, in the absence of the Supreme Court ruling that the ruling be made prospective only, the decision has been given retroactive effect. *People v Longwish,* 109 Mich App 15, 18-20; 310 NW2d 893 (1981). It is undisputed that in *Van Dorsten* the Supreme Court was not making new law but was clarifying existing law. It also appears that in the instant case there had not been a profound reliance on the old rule. Finally, we note that the Supreme Court itself gave retro-

active application to the *Van Dorsten* rule in *People v Huff, supra,* a case where trial occurred before *Van Dorsten* was decided. For this reason and for the reasons set forth in *Longwish, supra,* we reject the prosecution's argument that *Van Dorsten* should not be applied retroactively.

However, contrary to defendant's contention, the error is not reversible per se. Several post-*Van Dorsten* opinions have found the error harmless. *Kramer, supra; Ovegian, supra.* In *People v Mc-Bride,* 413 Mich 341, 345; 319 NW2d 535 (1982), the Supreme Court acknowledged that under proper circumstances the error could be harmless.

In the instant case, we cannot find the error harmless. Following the trial court's ruling on impeachment, the defendant elected not to testify. Had he testified, he claims he would have asserted he did not know his account was closed.

"Such a theory could draw significant support from the defendant's testimony. Because the defendant did not take the stand, it is of course impossible to determine the value of the testimony he might have given. It is not clear that his decision to remain silent was a tactical move unaffected by fear of improper impeachment. See *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978)." *People v Vincent,* 94 Mich App 626, 635; 288 NW2d 670 (1980), *lv den* 409 Mich 857 (1980).

Although defendant's sister, the alleged missing witness, may have been able to testify as to defendant's intent, defendant still is the only person who can offer direct evidence of his intent and knowledge at the time he wrote the checks. Although failure of defendant to testify does not mandate suppression of his prior record or reversal on appeal, *People v Whigham,* 102 Mich App 96, 103; 300 NW2d 753 (1980), *lv den* 412 Mich 932

(1982), it is a strong factor weighing in favor of both. In this case, the evidence against defendant was largely circumstantial and far from overwhelming. In such circumstances the error cannot be harmless. *McBride, supra,* p 343.

Further, the similarity between the 1970 uttering and publishing conviction and the charged offense was so great, it would have been an abuse of discretion to allow specific mention of that conviction. *People v Gary Johnson,* 105 Mich App 332, 340-341; 306 NW2d 501 (1981); *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982).

Because the error is not harmless, defendant's convictions are reversed and the matter remanded for a new trial. Since issues (1) and (3) raised in this appeal are likely to be raised on retrial, some guidance by us will be helpful. As to issue (1), *viz.:* whether defendant's sister was a res gestae witness, defendant should raise the issue prior to trial. If the prosecution refuses to endorse the witness, the court should hold an evidentiary hearing prior to trial to decide whether the witness is in fact a res gestae witness. See *People v Willie Pearson,* 404 Mich 698, 721-722; 273 NW2d 856 (1979).

As to issue (3), the adequacy of the trial court's instructions to the jury, we find no error. The specific intent to defraud necessary to commit the crime was thoroughly explained to the jury and such an intent implies knowledge of the account's status.

Reversed and remanded.