PEOPLE v CALDWELL

Docket No. 59788. Submitted October 15, 1982, at Detroit.—Decided January 20, 1983.

Kenneth Caldwell was convicted of delivery of heroin, Recorder's Court of Detroit, Vera M. Jones, J. Defendant appealed, alleging prosecutorial error in failure to endorse res gestae witnesses and in distorting the record during closing argument and ineffective assistance of counsel because of the commission of three serious errors. *Held:*

1. The issue of the endorsement of res gestae witnesses was not preserved for appeal. A criminal defendant must seek a hearing during trial or a new trial before appealing in order to preserve the issue of the failure to produce an alleged res gestae witness.

2. The prosecutor's closing argument drew reasonable inferences from the evidence. Such argument is proper.

3. A criminal defendant may be granted a new trial in fulfillment of the constitutional guarantee of a fair trial or assistance of counsel where a mistake of defense counsel was of such proportions that, but for the mistake, defendant would have had a reasonably likely chance of acquittal. Defense counsel did make one serious error in impeaching defendant by use of evidence of prior similar convictions. However, defendant would not have had a reasonably likely chance for acquittal absent it.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 180, 708.

81 Am Jur 2d, Witnesses § 2.

[2] 75 Am Jur 2d, Trial § 260.

[3] 21A Am Jur 2d, Criminal Law §§ 752, 753, 984 *et seq.*

Circumstances giving rise to prejudicial conflict of interests between criminal defendant and defense counsel—state cases. 18 ALR4th 360.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

[4] 58 Am Jur 2d, New Trial §§ 158, 161.

Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

1. CRIMINAL LAW — RES GESTAE WITNESSES — APPEAL.

    A criminal defendant must seek a hearing during trial or a new trial before appealing in order to preserve the issue of the failure to produce an alleged res gestae witness.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — INFERENCES.

    It is not improper for a prosecutor to suggest in his argument that the jury should draw inferences from the evidence where the inferences to be drawn are from the facts in evidence.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

    Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations, and where defense counsel has not performed at a minimal level of competence, harmless error tests are not applied.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — MISTAKE OF COUNSEL.

    A criminal defendant may be granted a new trial in fulfillment of the constitutional guarantee of a fair trial or assistance of counsel where a mistake of defense counsel was of such proportions that, but for the mistake, defendant would have had a reasonably likely chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. Defendant appeals by right his April 30, 1981, conviction by a jury of delivery of heroin, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). He was sentenced to a term of

from 5 to 20 years in prison, to be served concurrently with a 1- to 5-year parole violation sentence.

Defendant first argues that the prosecution should have endorsed as res gestae witnesses the "approximately 40" patrons from the bar in which the transaction occurred. MCL 767.40; MSA 28.980 requires the prosecutor to endorse on the information all res gestae witnesses known at filing time. In this regard, the prosecution is required to diligently attempt to discover the existence of any possible res gestae witnesses. *People v Rivera,* 114 Mich App 419; 319 NW2d 355 (1982). However, defendant failed to preserve this issue for appeal. *People v Willie Pearson,* 404 Mich 698, 722-723; 273 NW2d 856 (1979), requires defendant to seek a hearing during trial or to seek a new trial before appealing.

Defendant next contends that the prosecutor distorted the record in his closing argument. However, the prosecutor may comment on and draw reasonable inferences from the evidence. *People v Riemersma,* 104 Mich App 773; 306 NW2d 340 (1981). In the instant case, the remarks were proper; they contained only reasonable inferences from the evidence presented at trial. Furthermore, they were made only in response to an argument by defense counsel in his closing statement. See *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958).

Defendant last argues that he was deprived of effective assistance of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), set up a bifurcated test for analyzing such claims. The first branch requires a defense lawyer to "perform at least as well as a lawyer with ordinary training and skill in the criminal law and [to] conscientiously protect his client's interests, undeflected by

conflicting considerations". *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974). Because this is a Sixth Amendment right, harmless error does not apply. *People v Jenkins,* 99 Mich App 518; 297 NW2d 706 (1980).

*Garcia*'s second branch requires appellate courts to examine particular mistakes of counsel to safeguard a defendant's right to a fair trial. This Court will reverse a defendant's conviction if, but for defense counsel's serious mistake, defendant would have had a reasonably likely chance of acquittal. *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

Defendant alleges three "serious mistakes". He first contends that defense counsel should have requested a *Robinson* hearing (and failed to investigate this issue) and that he should have objected to the prosecutor's alleged misrepresentations in closing argument. However, we do not believe that, had defense counsel demanded the alleged missing res gestae witnesses' presence, defendant would have had a reasonably likely chance of acquittal. First, we doubt that they were res gestae witnesses. The bar was dimly lit and fairly crowded. It is not likely that many of them would have noticed a covert narcotics transaction. Second, as explained later, we find the evidence against defendant to be very strong.

Furthermore, defendant has failed to show that defense counsel in fact failed to investigate the issue of the missing res gestae witnesses. Because appellate counsel for defendant failed to move for a hearing pursuant to *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), this Court is left to speculate on if and why defense counsel failed to investigate potential res gestae witnesses. We can only assume that defense counsel's decision was a

matter of trial strategy which should not be questioned. *People v Burns,* 118 Mich App 242; 324 NW2d 589 (1982). We also note that the prosecutor did not misrepresent the facts during rebuttal argument.

The last allegation is far more serious, however. Defense counsel impeached defendant with evidence of a prior conviction for attempted possession of heroin.[1] In fact, he also failed to file a motion *in limine* to exclude the evidence of this prior conviction. A defense counsel's failure to file such a motion does not under all circumstances violate *Garcia's* first prong. *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982); *People v Elijah Smith,* 68 Mich App 551; 243 NW2d 681 (1976). Obviously, a defense lawyer is most likely not failing to perform at least as well as a lawyer with ordinary training and skill in criminal law by failing to attempt to suppress evidence of a prior perjury conviction. However, under certain circumstances, a single mistake can be just such a mistake that defendant is denied his Sixth Amendment right even despite an otherwise outstanding courtroom performance. In other words, a mistake can be so monumental that it can in and of itself deprive a defendant of his Sixth Amendment right to effective assistance of counsel. A defense counsel performing at least as well as a criminal lawyer with ordinary skill and training would not have committed such a mistake. *United States v Baynes,* 687 F2d 659 (CA 3, 1982); *Moore v United States,* 432 F2d 730, 739 (CA 3, 1970). See also *People v Lewis,* 64 Mich App 175, 182-184; 235 NW2d 100 (1975), *lv den* 395 Mich 810 (1975).[2] In

---

[1] Defense counsel also impeached defendant with evidence of prior convictions for breaking and entering and UDAA.

[2] We realize that *Degraffenreid's* first prong "focuses attention on the entire representation of the accused by his lawyer". 19 Mich App

*People v Fisher,* 119 Mich App 445; 326 NW2d 537 (1982), this Court reversed on *Garcia*'s first prong where defense counsel stated in closing argument: "We suggest that the Court find him guilty but mentally ill on such counts that the Court feels." This argument was held to be the functional equivalent of a guilty plea. *Wiley v Sowders,* 647 F2d 642 (CA 6, 1981), *cert den* 454 US 1091; 102 S Ct 656; 70 L Ed 2d 630 (1981). The rest of defense counsel's courtroom work was not even mentioned.

*People v Perez,* 83 Cal App 3d 718; 148 Cal Rptr 90 (1978), found a Sixth Amendment violation where the defense counsel impeached defendant, charged with selling heroin, with evidence of a prior possession of heroin violation. See also *People v Gonzales,* 37 Colo App 8; 543 P2d 72 (1975).[3] In fact, one judge on this Court found *Garcia*'s first prong violated where defense counsel after failing to file a motion *in limine* impeached the defendant with evidence of two unspecified felony convictions (armed robbery and attempted armed robbery). *McShan, supra* (MAHER, J., *dissenting).* However, we do not believe that defense counsel's performance in this case deprived defendant of his Sixth Amendment right to effective assistance of counsel.

Even so, defense counsel definitely committed a serious mistake. *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), ruled that a trial judge must weigh the nature of the prior offense and the similarity between the prior and present offense in exercising his discretion whether or not to exclude

711. However, *Degraffenreid* used the sham trial standard for its first prong. This standard was overruled when *Garcia* adopted *Beasley*'s ordinary training and skill standard.

[3] We do note, however, that neither California nor Colorado use Michigan's bifurcated approach to ineffective assistance of counsel arguments. See 2 ALR4th 27.

evidence of the prior offense.[4] Based on this standard, a trial judge would have abused his discretion if he had ruled that the prosecutor would be able to impeach defendant with evidence of this particular prior conviction. First, we note:

"The prior offense of possession of heroin is one which has practically no probative value for impeachment purposes, since it does not pertain to the character-impeaching traits of dishonesty or lack of veracity." *Perez, supra,* 83 Cal App 3d 733. (Emphasis deleted.)

Second, the two offenses are very similar. *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982); *People v Hughes,* 411 Mich 517; 309 NW2d 525 (1981); *People v Oliver,* 407 Mich 857; 283 NW2d 502 (1979). As such, defense counsel impeached his own client with highly prejudicial evidence of very little relevance.

However, even though this mistake was very serious,[5] we do not believe that defendant would have had a reasonably likely chance of otherwise being acquitted. The evidence against defendant was very strong. Detroit Police Officer John Autry went into Gene's Bar on January 2, 1981, where he met defendant. After telling defendant he

---

[4] *Crawford's* third factor, the effect on the decisional process if the defendant decides not to testify, is irrelevant here.

[5] Undoubtedly, defense counsel hoped to take the sting out of defendant's having been previously convicted by raising the issue himself. However, his "inexplicable failure to file a motion *in limine* to suppress evidence of his client's prior convictions cannot be fairly characterized as 'trial strategy' ". *McShan, supra* (MAHER, J., *dissenting),* 120 Mich App 496. Before defense counsel impeaches his own client with a prior conviction, he should consider the following:

"[C]ounsel should be convinced that * * * the convictions would properly be admissible to impeach the defendant's credibility. In the absence of such certainty, counsel would be acting 'ineffectively' if he introduced an aspect of his client's criminal record which was, in fact, not competent evidence". *Commonwealth v Zapata,* 455 Pa 205, 208; 314 A2d 299 (1974).

wanted to buy some heroin, he gave him $23 in marked secret service money. Defendant gave the money to another patron in exchange for the heroin which he gave to Autrey. Autrey then left the bar, went to his partners in the patrol car outside the bar and broadcast a description of the two suspects. He described defendant as being 5'8", 150 pounds, and wearing a red skull cap, a blue parka jacket, and blue jeans. Other police officers immediately entered the bar and detained its patrons until Autrey made a positive identification. Defendant was the only one in the bar wearing a red cap. The marked money was recovered from the second patron. Despite this or any other alleged serious mistake, we do not believe that defendant would otherwise have had a reasonably likely chance of acquittal. See *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981). We note that eight-year veterans of the police force have more likely developed better observation skills than civilian eyewitnesses. See *People v Starks,* 107 Mich App 377, 381; 309 NW2d 556 (1981), *lv den* 413 Mich 901 (1982).

Affirmed.