791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHESTER, HARDY, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 85-1367
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 AFFIRMED
 
 1
 E. D. Mich.
 
 ORDER
 
 2
 BEFORE: MERRITT and JONES, Circuit Judges, and THOMAS, Senior District Judge.*
 
 
 3
 Hardy appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Hardy was convicted in the Genesee County Circuit Court in Flint, Michigan of first degree criminal sexual conduct. He initially received a sentence of 100 years imprisonment. The state appellate court later reversed the case for resentencing. Hardy was then sentenced to life imprisonment. He has exhausted his state remedies.
 
 
 5
 Hardy's petition raises two issues regarding his sentencing and one issue regarding an evidentiary question. The sentencing issues basically argue that the state court improperly enhanced his sentence after appeal by raising it from 100 years imprisonment to life imprisonment. Hardy argues that this enhancement was improper under North Carolina v. Pearce, 395 U.S. 711, 725 (1969). The magistrate held and the district court agreed that there was no enhancement of sentence because the parole eligibility dates were the same and because a 100 year sentence for a 37 year old man was in effect a life sentence. We agree with these conclusions of the district court.
 
 
 6
 The evidentiary question concerns the admissibility of Hardy's prior convictions for rape. Upon motion by defense counsel, the state trial court held that the fact of conviction could be made known to the jury but that the prosecutor could not name the convictions. As a result of this ruling, Hardy chose not to testify on his own behalf.
 
 
 7
 At the time of trial, a trial judge in Michigan possessed discretion to admit or exclude reference to prior convictions. People v. Jackson, 391 Mich. 323, 336 (1974). Subsequently, the Michigan Supreme Court held that it was improper for the trial judge to tell the jury of unnamed prior felony convictions. People v. Van Dorsten, 409 Mich. 942 (1980); People v. McBride, 413 Mich. 341, 345 (1982). In Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir. 1984), the victim's statement that petitioner bragged about a prior robbery was admitted to show threat regarding a consent defense to forcible rape. This Court held that the evidence was correctly admitted under state law. The Court also held that even if the evidence was erroneously admitted, it did not violate fundamental fairness.
 
 
 8
 In the present case, the evidence was properly admitted under state law as it existed at the time of trial. Even if it was erroneously admitted in light of later case law, this error did not amount to a violation of fundamental fairness. So this issue is also without merit.
 
 
 9
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation