PEOPLE *v.* FLANSBURGH

1. AUTOMOBILES—UNLAWFUL POSSESSION—CRIMINAL LAW—INTENT
   —EVIDENCE—OTHER OFFENSES—ADMISSIBILITY.

   Testimony that the defendant, charged with unlawful possession
   of a motor vehicle, had given another stolen automobile to
   his girlfriend and that this automobile had been taken from
   a car dealer was properly admitted where the defendant's
   intent to commit the crime charged was at issue, the evi-
   dence of the other distinct offense was admitted for the lim-
   ited statutory purpose of showing a scheme, plan, or system
   in committing the crime charged, and where the trial judge
   found the evidence relevant, with its probative value out-
   weighing its potential prejudicial effect, and properly instruct-
   ed the jury regarding the limited purposes for which that
   evidence was to be used (MCLA § 768.27).

2. AUTOMOBILES—UNLAWFUL POSSESSION—CRIMINAL LAW—RECORDS
   —TITLE HISTORY—EVIDENCE—ADMISSIBILITY.

   The certified title history of a stolen automobile found in the
   defendant's possession was properly admitted into evidence
   because certified copies of the records kept by the Secretary
   of State, as required by statute, are admissible in the same
   manner as the original documents, such certified records are,
   by statute, *prima facie* proof of the facts stated in them,
   and, inasmuch as the facts stated in the certification did not
   directly tend to prove the defendant's possession of the stolen
   automobile, the defendant was not denied his constitutional
   right to confront his accuser.

3. WITNESSES—COURT COMMENT—CREDIBILITY—CRIMINAL LAW.

   The trial court's characterization of a testifying detective as
   "one of the best police officers they have in the Michigan State

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*
[3] 39 Am Jur, New Trial § 48 *et seq.*

Police" was a comment on the witness's competency, not his credibility and, thus, was not an invasion of the province of the jury; therefore, the remark did not constitute prejudicial error, especially where any possible effect caused by the remark was compensated for by the court's later instructions to the jury.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 7, 1970, at Lansing. (Docket No. 6,798.)   Decided June 23, 1970.

Richard C. Flansburgh was convicted of unlawful possession of a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*John D. O'Connell,* for defendant.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

LARNARD, J.   While apprehending defendant on another matter, a detective of the Michigan State Police observed a 1967 Pontiac Grand Prix automobile, and a 1968 Pontiac GTO automobile parked in back of defendant's premises.   A routine check revealed that both these vehicles were stolen.

Defendant was convicted following a jury trial of the crime of unlawful possession of a motor vehicle, a violation of MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954), and was sentenced.   This appeal is brought as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Margaret Ann Dunn, who was living with defendant at the time of his arrest, testified against the defendant, both at the preliminary examination and at trial relative to the defendant giving her the stolen 1968 GTO. This testimony was admitted by the trial court under the "scheme plan or system" statute, as was the testimony of Leonard Peklo who testified that the 1968 GTO had been stolen from Ace Wilson's Royal Pontiac in Royal Oak.

In showing that the defendant had altered the registration of the 1967 Pontiac, the people introduced the testimony of a detective from the Michigan State Police, and a certification from the Michigan Secretary of State relative to defendant's automobile title history concerning his 1961 Pontiac. Prior to these two events, the trial court had stated that the detective was "one of the best police officers they have in the Michigan State Police".

The first claim of error raised by defendant was the admission into evidence of the testimony of Margaret Ann Dunn and Leonard Peklo relative to defendant's possession of the 1968 GTO.

Under the Michigan statute, CL 1948, § 768.27 (Stat Ann 1960 Rev § 28.1050), the prosecution is not allowed to introduce evidence of another and distinct offense by the accused unless the question of intent is at issue, whereby such evidence is admissible for the limited purpose of establishing a "scheme, plan or system". If the trial judge, in his discretion, finds the evidence to be relevant and that its probative value outweighs its potential prejudicial effect, he is free to admit such evidence subject to an instruction advising the jury as to its limited use. *People* v. *Shaw* (1968), 9 Mich App 558, 566. This requirement was complied with and we will not interfere with the trial judge's discretion.

Secondly, defendant claims it was error to admit the certification of the Secretary of State regarding the title history of defendant's 1961 Pontiac, we find no merit in such a contention.

The Michigan Motor Vehicle Code, MCLA § 257.1 *et seq.* (Stat Ann 1968 Rev § 9.1801 *et seq.*) requires the Secretary of State to keep title records. Certified copies thereof are made admissible in the same manner as the original documents. MCLA § 600-.2107 (Stat Ann 1962 Rev § 27A.2107); MCLA 1970 Cum Supp § 257.207 (Stat Ann 1970 Cum Supp § 9.1907).

A 1968 amendment to § 257.207 provides that such certified records are *"prima facie* proof of the facts stated therein". The facts stated in the certification do not directly tend to prove defendant's possession of the 1967 Pontiac, while the hospital records in *People* v. *Lewis* (1940), 294 Mich 684, relied on by defendant, directly tended to prove that the defendant was practicing medicine without a license which was held to violate his constitutional right to confront his accuser. Defendant's reliance on *Lewis, supra,* is also misplaced because the exception to the hearsay rule relied on in that case was the "shop book rule" and because the governing statute construed in that case has since been amended by MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146). We therefore find no error in the admission of the certification of the Secretary of State.

The third defect claimed by defendant is that the court committed prejudicial error by characterizing the detective as "one of the best police officers they have in the Michigan State Police".

Defendant's brief addresses itself to arguing that the jury is the sole judge of credibility, and that its province was invaded by the court. Defendant over-

looks the distinction between competency and credibility, whereas only the latter is within the province of the jury. Any possible ill effect occasioned by this inadvertent remark was compensated for in the court's later instruction to the jury. Even had this not been cured, it amounts to nothing more than a trial irregularity. *People* v. *Fry* (1969), 17 Mich App 229; see also *Fahy* v. *Connecticut* (1963), 375 US 85 (84 S Ct 229, 11 L Ed 2d 171); *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705). Much more is required for us to reverse the decision of a trial judge. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Hoffman* (1965), 1 Mich App 557.

Affirmed. The cause is remanded to the circuit court for cancellation of bond and execution of sentence.

All concurred.