PEOPLE v. TRILCK

1. Criminal Law—Instructions to Jury—Lesser Offense.

The right to an instruction to the jury on a lesser offense depends upon whether evidence has been presented which would support a conviction of the lesser offense.

2. Homicide—Murder—Instructions to Jury—Assault with Intent to Murder—Lesser Offenses.

No evidence supported instruction on assault with intent to murder requested by the defense in a prosecution for murder where nothing on the record refuted the fact that the victim's death resulted directly from a shooting, although there was a conflict in the medical testimony as to whether the immediate cause of death was pulmonary embolism or lobar pneumonia.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 17, 1970, at Detroit. (Docket No. 7,631.) Decided July 31, 1970. Leave to appeal denied November 17, 1970. 384 Mich 775.

Russell Trilck, Jr., was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief Appellate Lawyer, and *Gerard A. Poehlman*, Assistant Prosecuting Attorney, for the people.

*Louisell & Barris*, for defendant.

---

Reference for Points in Headnotes

[1, 2] 53 Am Jur, Trial §§ 796, 798.

Before: McGREGOR, P. J., and J. H. GILLIS and
O'HARA,* JJ.

PER CURIAM. Defendant was convicted by a jury
of second-degree murder. Upon denial of a motion
for a new trial, defendant appeals of right to this
Court. MCLA § 750.317 (Stat Ann 1954 Rev
§ 28.549).

Defendant entered a bar where the decedent was
working. The record indicates that she refused to
go home with the defendant at closing time. There-
upon he pulled a gun, shot her, and then shot him-
self. He recovered. She did not.

The only issue presented to this Court on appeal
is whether the trial court committed reversible error
when it declined to give the defense-proffered in-
structions on causation and lesser-included offenses
of second-degree murder.

Defense counsel asserts that because there is a
factual dispute between the doctors who testified as
to the cause of death, the court should have given
his suggested instructions. Defendant argues that
since a jury might have found that the deceased
died of blood clots in the lungs and not as a result
of being shot, instructions on assault with intent to
murder were in order.

The trial judge refused defense counsel's instruc-
tions on the ground that there was not sufficient
evidence presented on causation. He noted that
nothing on the record refuted the fact that the death
resulted directly from the shooting.

It is true, as defense counsel urges, that there was
a conflict in the medical testimony as to whether the
immediate cause of death was a pulmonary embolism

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

or lobar pneumonia, but there was no disagreement that the inducing cause was the previously inflicted gunshot wound.

If a request is made to instruct on a lesser offense, the right to the instruction depends upon the evidence.

" 'If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430.' " *People* v. *Jessie Williams* (1968), 14 Mich App 186, 189.

" 'If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused.' " *People* v. *Norman* (1968), 14 Mich App 673, 674, citing *People* v. *Stevens* (1968), 9 Mich App 531, 534.

A review of the record by this Court reveals that the trial judge correctly ruled that there was no evidence to support the requested charge. See *People* v. *Stevens, supra.*

Affirmed.