OLWEEAN *v*. WAYNE COUNTY ROAD COMMISSION

1. EVIDENCE—AUTOMOBILES—ADMISSIBILITY—DRIVING RECORD.
   Neither opinion evidence nor direct evidence offered by the plaintiff to show that plaintiff's decedent was a careful driver or that plaintiff's decedent's driving record was unblemished by prior convictions under the motor vehicle code is admissible because such evidence is immaterial and irrelevant and, in the case of opinion evidence, improper opinion evidence.

2. APPEAL AND ERROR—ERROR CAUSED BY APPELLANT.
   An appellant will not be permitted to take advantage of errors he himself caused.

3. EVIDENCE—ADMISSIBILITY—DRIVING RECORD—CROSS-EXAMINATION.
   The defendant's eliciting the plaintiff's decedent's prior motor vehicle code convictions on cross-examination, reversible error in some circumstances, was not error of which the plaintiff can complain where the plaintiff injected the issue of decedent's good driving record.

4. TRIAL—INSTRUCTIONS TO JURY—APPEAL AND ERROR.
   Instructions to the jury are to be considered as a whole and if the court's instructions to the jury substantially and sufficiently include the requested instructions, although not *verbatim*, the instructions are correct.

5. NEGLIGENCE—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS—DRIVING RECORD.
   An instruction to the jury that any contributory negligence of plaintiff's decedent must have been a proximate cause of an

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 940 *et seq*.
[2] 5 Am Jur 2d, Appeal and Error § 713 *et seq*.
[4] 53 Am Jur, Trial § 539 *et seq*.
[5] 53 Am Jur, Trial § 670.

accident sufficiently and substantially included plaintiff's
requested charge that his decedent's driving record, introduced
by defendant, did not constitute substantive evidence.

6. EVIDENCE — ADMISSIBILITY — DRIVING RECORD — PLEADING —
NEGLIGENT ENTRUSTMENT.

Driving record of defendant's employee was admissible to refute
plaintiff's allegation that defendant had negligently entrusted
a motor vehicle to one it knew, or should have known, was
likely to cause injury to another by its negligent operation,
where the negligent entrustment count was never abandoned,
stricken or dismissed.

Appeal from Wayne, Horace W. Gilmore, J. Sub-
mitted Division 1 June 11, 1970, at Detroit. (Docket
No. 6,952.) Decided August 25, 1970. Leave to ap-
peal granted October 27, 1970. 384 Mich 772.

Complaint by Adam Olwecan, administrator of the
estate of Michael Morey, deceased, against Wayne
County Road Commission for damages from an au-
tomobile-truck accident. Verdict and judgment of
no cause of action. Plaintiff appeals. Affirmed.

*Albert Lopatin* and *Theodore M. Rosenberg,* for
plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for de-
fendant.

Before: HOLBROOK, P. J. and R. B. BURNS and
O'HARA,* JJ.

O'HARA, J. This is an appeal by plaintiff from a
jury verdict of no cause of action and the trial

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23, as amended in
1968.

judge's subsequent denial of plaintiff's motion for a new trial.

On June 9, 1965, plaintiff's decedent was involved in an automobile accident on the Edsel Ford Freeway in the City of Detroit. The deceased's car struck a truck owned by defendant. The truck was parked in the leftmost lane of the eastbound freeway. Ed Nelson, the operator of the truck, had left the truck and, with fellow employees of defendant, was either engaged in repairing the freeway or was about to begin repairing it. Yellow flashing caution signals had been set up on the back of the truck and were operating. An additional panel of eight flashing lights was located 50 to 100 feet east of the stopped truck, the direction from which the deceased's car was approaching. There were also three pairs of warning signs in front of the flasherlight panel.

Plaintiff instituted suit in October, 1965. His complaint alleged negligence and negligent entrustment. At trial no direct evidence tending to establish negligent entrustment was introduced. However, at no time was the count of negligent entrustment specifically abandoned. It remained part of plaintiff's pleaded case.

During the course of the trial, evidence was introduced by plaintiff through two witnesses to the effect that the deceased was a good driver. Plaintiff administrator testified on direct examination as follows:

"*Q.* Had you had occasion, before the death of Michael Morey to ride in a car with him?
"*A.* Oh, yes.
"*Q.* And can you tell the court and the members of the jury when you would ride in the car with him,

were you in fear of your own safety when you were riding with him?

"*A*. Never.

"*Q*. Was he ever stopped by the police for any reason whatsoever while you were in the car with him?

"*A*. Never.

"*Q*. What kind of driver was he, from your observation of him, when you would ride with him?

"*A*. Well, he was a lot more careful than I am."

Decedent's wife was also called on behalf of plaintiff. On direct examination she testified as follows:

"*Q*. Mrs. Morey, did you ever have occasion before this accident to ride in the car with your husband and the children?

"*A*. Oh, yes.

"*Q*. Did he ever take you and the children out for rides?

"*A*. Yes.

"*Q*. Were you ever with your husband when he ever received a violation of any kind?

"*A*. Awhile back, I was with him. He had gone—

"*Q*. Do you know when that was, Mrs. Morey?

"*A*. Yes. A couple of years, I guess, before the accident.

"*Q*. Do you know what that was for, the violation?

"*A*. I think he went through a yellow light, and the police was right there.

"*Q*. He went through an amber?

"*A*. Yes, an amber light.

"*Q*. And do you know if he went down to contest the ticket, or did he pay for it?

"*A*. I can't recall.

"*Q*. And that is the only time you had driven with your husband when he received a violation when he went through this amber?

"*A*. Yes, it was.

"*Q*. And how many times a week or a month would you have occasion to drive with your husband in the car?

"*A.* Well, usually, I took the car when he would go to work, and I would go to work with him, bring the car back."

On cross-examination defendant sought to refute the contention that the deceased was a good driver. There was introduced, over plaintiff's objection, the driving record of the deceased. The record listed 26 convictions. Plaintiff argues that the admission of the driving record into evidence was reversible error. He suggests, in the alternative, that if the record was admissible an instruction was necessary to inform the jury that they should not consider it as substantive evidence of contributory negligence on the part of the plaintiff.

The trial judge found the record admissible pursuant to court rule[1] and because the plaintiff had opened the door to such action by alleging and introducing supporting evidence that the deceased was a careful driver.

On oral argument before this court, plaintiff's counsel invited our discussion and decisional holding as to whether, and to what extent, the ruling of the trial court in this particular was affected by *Perin* v. *Peuler* (On Rehearing 1964), 373 Mich 531. We find *Perin, supra,* totally inapposite. That case was concerned with the *plaintiff's* right to introduce evidence of the *defendant's* driving record, including the record of his convictions, if any, for violation of the motor vehicle code[2] in support of plaintiff's allegation of negligent entrustment. In *Perin, supra,* a clear majority of the Supreme Court held such evi-

---

[1] GCR 1963, 607: "CROSS-EXAMINATION FOR CREDIBILITY. During the trial of civil actions the rules of evidence approved in *Van Goosen* v. *Barlum,* 214 Mich 595; *Zimmerman* v. *Goldberg,* 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528; *Cebulak* v. *Lewis,* 320 Mich 710, and re-enacted by PA 1961, No 236, § 600.2158, shall prevail, anything in § 731 of the Michigan Vehicle Code (CLS 1961, § 257.731) to the contrary notwithstanding." 374 Mich xv.

[2] MCLA § 257.1 *et seq.* (Stat Ann 1968 Rev § 9.1801 *et seq.*)

dence admissible.[3]   Two justices, dissented vigorously, one dissented in part and concurred in part.

This case is the exact converse of *Perin*.   Plaintiff here sought to and was allowed to introduce opinion evidence that his decedent was a careful driver.   We know of no rule of evidence, nor any case precedent, that allows a *plaintiff* to elicit such opinion evidence or direct evidence in the nature of an affirmative showing of a driving record unblemished by prior convictions under the motor vehicle code in his own behalf.   We regard the evidence as having been inadmissible, both as to materiality and relevancy, as well as improper opinion evidence.   The questions for jury consideration in this case were the traditional ones:   namely, whether the defendant's negligence, if any, was causally related to the injury for which recovery was sought, and whether plaintiff's negligence, if any, barred his recovery.   The fact that plaintiff alleged that *defendant's driver* should not have been entrusted with the operation of a motor vehicle cannot, by any possible construction of the court rule, or any interpretation of *Perin* v. *Peuler, supra,* support the admission of evidence tending to prove that plaintiff's decedent was a "careful driver."   The admission of the testimony was reversible error, but not error which can inure to the benefit of appellant.   Plaintiff initiated the erroneous line of questioning and made the testimony part of the record.   It is too fundamental to require extended discussion that an appellant cannot obtain reversal of an unfavorable outcome by reliance on error he precipitated.

---

[3] The Supreme Court by rule (GCR 1963, 607) held nugatory the statute (MCLA § 257.731 [Stat Ann 1968 Rev § 9.2431]) prohibiting the introduction of a record of convictions under the motor vehicle code, on the ground that the statute was an impermissible legislative invasion of the Supreme Court's authority to prescribe "rules of practice."

"An appellant will not be permitted to take advantage of errors he himself committed." 2 Michigan Law & Practice, Appeal, § 315, p 198.

Analogously, where a plaintiff created error by injecting the question of insurance in a case upon the *voir dire,* the Supreme Court held:

"Plaintiff's counsel obviously cannot complain of the question *he* asked on *voir dire." Stehouwer* v. *Lewis* (1929), 249 Mich 76, 82. (Emphasis added.)

It is equally self-evident that defendant's cross-examination which elicited decedent's record of some 26 convictions under the motor vehicle code was proper cross-examination. The case above quoted is authority for the fact that while, under some circumstances, the subject matter of the cross-examination would have been reversibly erroneous, in this case it was error of which plaintiff cannot complain. The injection of the issue of insurance is reversibly erroneous, but,

"[t]he plaintiff having injected the question of insurance into the case, the defendant had a right in good faith to show that he carried no insurance." *Stehouwer, supra,* p 82.

"Plaintiff further claims that the defendant developed its case by introducing the testimony of its local agent and also of its president and general manager for the purpose of showing the surrender of the policy and the payment of its cash value; that such testimony was inadmissible on the ground that it was equally within the knowledge of the deceased (CL 1929, § 14219). Almost all of such testimony was developed by plaintiff through cross-examination, and having herself opened the door to that testimony, she cannot now complain because defendant thereupon more fully developed the subject matter." *LaLonde* v. *Roman Standard Life Ins. Co.* (1934), 269 Mich 330, 333.

See, also, *Westinghouse Electric & Manufacturing Co.* v. *Hubert* (1913), 175 Mich 568, 575.

Having determined that the deceased's driving record was admissible, what instructional warnings were required?

Plaintiff submitted a handwritten request to charge that the driving record of decedent did not constitute substantive evidence. This charge was not given. However, the trial judge did instruct the jury that any contributory negligence of the deceased must have been a proximate cause of the fatal accident were it to bar recovery.

It is axiomatic that the trial court need not give a charge in the exact language requested. *Agee* v. *Williams* (1969), 17 Mich App 417, 428. In the case at bar, the purport of plaintiff's requested instruction was substantially and sufficiently included within the instruction on contributory negligence and proximate cause. Taken as a whole, the instructions were correct.

Plaintiff also assigns error upon the admission of the "driving record" of defendant's employee. Counsel, on oral argument before us, also asked for a decisional discussion of *Perin* v. *Peuler* on this point.

There is little to discuss. The Supreme Court has spoken through a clear majority. Plaintiff's complaint for whatever reason included a count of negligent entrustment. It was never abandoned, stricken, or dismissed. It stood as an allegation that defendant negligently entrusted to one it knew or should have known was likely to cause injury to another by operation of the motor vehicle. The *Perin-Peuler* sword cuts both ways. Certainly in this case defendant was entitled to refute what plaintiff alleged. An idle allegation, like an idle threat, often invites

a regretted result. We find no error upon which reversal at plaintiff's behest can be granted.

Affirmed.

All concurred.