PEOPLE v JENKINS

Docket No. 78-3398. Submitted April 15, 1980, at Detroit.—Decided
    August 25, 1980.

Robert J. Jenkins was convicted of assault with intent to commit
    murder and felony-firearm in Recorder's Court of Detroit, Jo-
    seph E. Maher, J. Defense counsel left the courtroom during
    voir dire of the jury and indicated he would take the first
    twelve jurors picked. Defense counsel's cross-examination in
    most instances was damaging to the defendant and was inter-
    rupted by his sporadic fits of laughter. Defendant appeals,
    alleging ineffective assistance of counsel. *Held:*

    Defense counsel must perform at least as well as a lawyer
    with ordinary training and skill in the criminal law and must
    conscientiously protect his client's interest, undeflected by con-
    flicting considerations, and where defense counsel has not
    performed at a minimal level of competence, harmless error
    tests are not applied. A defendant's failure to establish preju-
    dice by the ineffective representation is not a necessity for
    reversal of a conviction. The term "ineffective" is most proba-
    bly an understatement when applied to the representation
    afforded the defendant in this case.

    Reversed and remanded.

CRIMINAL LAW — DEFENSE COUNSEL — MINIMUM COMPETENCE —
    REVERSAL.

    Defense counsel must perform at least as well as a lawyer with
    ordinary training and skill in the criminal law and must
    conscientiously protect his client's interest, undeflected by con-
    flicting considerations, and where defense counsel has not
    performed at a minimal level of competence, harmless error
    tests are not applied, and a defendant's failure to establish
    prejudice by the ineffective representation is not a necessity for
    reversal of a conviction.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law § 315.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Melvin Turner,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and D. E. WALSH, JJ.

M. F. CAVANAGH, P.J. Following trial by jury, defendant was convicted of assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, contrary to MCL 750.227b; MSA 28.424(2). He now appeals as of right.

The sole issue raised on appeal is whether or not defendant was denied the effective assistance of counsel. In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), the Michigan Supreme Court adopted the test outlined in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974), which states:

"Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

Where defense counsel has not performed at a minimal level of competence, harmless error tests are not applied in *Garcia, supra. Beasley v United States, supra,* 696. Thus, failure to establish prejudice by the ineffective representation is not a necessity.

Rarely does the trial record so graphically depict a defense counsel falling short of the standard as in the instant case. It would serve no useful pur-

pose to quote excerpts from the trial transcript to support our conclusion. Suffice it to say, that the term "ineffective" is most probably an understatement when applied to the representation afforded the defendant in this case. Defense counsel left the courtroom during voir dire of the jury and indicated magnanimously that he would take the first 12 jurors picked just to save time. He also absented himself from the courtroom during a portion of the prosecutor's closing argument. His cross-examination in most instances was damaging to the defendant and it was interrupted only by his sporadic fits of unexplained laughter. To say his conduct was bizarre during the trial, is to state the obvious. At the time of sentencing, defendant indicated that he had wanted to testify at trial, originally wanted to plead to a lesser offense, had wished to present available witnesses on his own behalf, but was told he would be unable to do so by defense counsel.

We are aware that the evidence of the defendant's guilt in this case was overwhelming. Nonetheless, even under the old "sham trial" and "farce and mockery" standards, reversal would be required in this case. Our disposition, however, does not end with our reversal and remand for a new trial. In addition, we herewith order defendant's trial counsel to remit to the County of Wayne any monies he received in connection with this case. Finally, by copy of this opinion, we invite the State Bar Grievance Board to review the conduct of defense counsel in this cause.

Reversed and remanded for a new trial.