# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 14, 2016

v

No. 322557
Saginaw Circuit Court
LC No. 13-038585-FH

LARRY WEST,

Defendant-Appellant.

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*), one count of felon in possession of a firearm, MCL 750.224f, and two counts of possessing or carrying a firearm when committing a felony (felony-firearm), MCL 750.227b, and sentenced to 36 months' probation for the controlled substance and felon in possession of a firearm convictions, and to concurrent prison terms of 24 months for each of the felony-firearm convictions. Defendant filed this appeal by right. We affirm.

The charges against defendant arise from a September 19, 2012 search of the home where he was living. Detectives from the Bay Area Narcotics Enforcement Team (BAYANET) searched the house pursuant to a warrant obtained after detectives used a confidential informant (hereafter "CI") to make a controlled purchase of drugs from defendant. Paragraph 3(B) of the affidavit used to obtain the warrant describes the transaction as follows:

> Within the last 48 hours, a confidential informant (hereafter "CI"), made a controlled purchase of a quantity of cocaine from a male within the above described residence. The CI was first searched for the presence of controlled substances and US currency with none being found. The CI was provided with a quantity of pre-recorded drug buy funds. The CI was seen to enter the above-described residence, remain for a short period of time and then exit. The CI then met with investigators at a pre-established location. The CI turned over suspected crack cocaine to officers which field-tested positive for the presence of cocaine. The CI identified the seller as a black male known to the CI as "LARRY WEST". The CI has also told me that he/she was told that he/she could return for more.

Prior to trial, defendant moved for an evidentiary hearing to examine the undisclosed CI, contending that the statement in the affidavit that the CI had purchased cocaine from a male within the described residence constituted "a deliberate falsehood or reckless disregard for the truth." He submitted an affidavit stating that he had reviewed his counsel's motion for an evidentiary hearing, and that the offer of proof set forth in the motion was true and accurate. The offer of proof set forth in the motion was that defendant had not sold drugs from the residence within 48 hours of September 19, 2012. The trial court found defendant's offer of proof neither substantial nor compelling, and concluded that it was simply his assertion that he did not sell drugs during the period at issue. Observing that the affidavit supporting the search warrant described what occurred with specificity and contained indicia of the CI's reliability, the trial court denied defendant's motion.

At trial, Saginaw Police Department Detective Lamar Kashat, serving with BAYANET as a narcotics detective, testified that he secured and, along with six other detectives, executed a search warrant for the residence. Detective Kashat testified that the officers knocked and announced themselves, used a "hook" to pry open the security door to the house, and a battering ram to gain entry into the house. Once in, they found defendant sitting in a lawn chair, "hovering over" a blue Nike shoe that contained a loaded .380 Taurus semi-automatic pistol that was registered to defendant's wife. Next to defendant's chair was a table with, among other things, cell phones, a pager, a laptop, and an ashtray. In the ashtray was a second Taurus magazine; a box of nine-millimeter ammunition was later found in a kitchen cabinet. Detective Kashat testified that defendant was handcuffed and read his rights and that defendant invoked his right to remain silent.

Detective Kashat testified that cocaine was found throughout the house, but primarily in the kitchen in cabinets, the microwave, and on top of the refrigerator. Detective Kashat said that he did not find a large quantity of cocaine. Michigan State Police (MSP) Detective Sergeant James Bush and one of the officers executing the search warrant testified that the small amount of cocaine found would indicate possession, but not intent to deliver. Small rocks of suspected cocaine were field tested by MSP Detective Lieutenant Matt Rice and discovered to be cocaine. Detective Rice's initial results were confirmed by the MSP crime lab.

Detective Kashat testified that officers also found a digital scale of the type used to weigh drugs for distribution, and that the scale contained drug residue. In addition, the officers found several lottery betting slips of the type used to wrap heroin and $415 on defendant's person. The $415 consisted of thirteen $1 bills, one $2 bill, two $5 bills, three $10 bills, and thirteen $20 bills. Detective Kashat said that the lotto tickets did not contain heroin.

While defendant was sitting in a chair, handcuffed, Detective Rice was tabulating evidence at a table near defendant. Detective Kashat testified that defendant made several "excited utterances" about the evidence. Detective Kashat said that as the narcotics were being brought to the table for tabulation, defendant said, "Either I sold to someone or someone told on me." Detective Kashat said that defendant indicated that his fingerprints would be on the firearm found because he had moved it and placed it in the shoe. Likewise, defendant said his fingerprints would be on the ammunition magazine. Detective Kashat asserted that neither he, nor Detective Rice, nor any of the other officers said anything to elicit defendant's statements. Defendant maintained at trial that he "didn't make any statements."

-2-

Detective Kashat testified that telephone conversations between defendant and his wife while defendant was in jail prompted a second search warrant for the same address on the day following execution of the first search warrant. According to Detective Kashat, defendant twice referred to a "plate near the bottom of the wall in the bedroom or in a room by the bathroom" while speaking with his wife. When officers executed the second search warrant, they removed a plate from a wall in the bedroom and found a box with a baggie inside that contained just over 4 grams of heroin. Detective Rice estimated the street value of the heroin to be $1,200. Detectives Bush and Rice testified that, based on their experience investigating narcotics cases, they believed that defendant possessed the heroin with the intent to distribute it.

Prior to sentencing, defendant filed a motion for a new trial. Defendant submitted that because plaintiff had not disclosed the CI's identity, and the trial court had denied his motion for disclosure, defendant had been unable to subpoena the CI. Defendant asserted that, where a defendant seeks to compel the prosecutor to disclose the identity of a CI the court must hold an in camera hearing to determine if the CI's information would be beneficial to the defense. Defendant alleged that plaintiff was duty bound to provide him with reasonable assistance in locating the CI. Defendant argued that failure to produce the CI constituted a violation of his right to confront the witnesses brought against him. The trial court denied the motion, concluding that defendant was merely repeating the argument he had made in his motion for an evidentiary hearing without giving the trial court a reason to change its previous ruling.

Defendant first contends on appeal that the trial court abused its discretion by denying his motion for a *Franks*[1] hearing and disclosure of the CI. Whether to hold an evidentiary hearing based on a challenge to a search warrant's affidavit is left to the trial court's discretion. *People v Poindexter*, 90 Mich App 599, 609 n 4; 282 NW2d 411 (1979). A trial court has not abused its discretion if its decision results in an outcome within the range of reasoned and principled outcomes. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). "However, the Court reviews the facts supporting the denial of the evidentiary hearing for clear error and reviews the application of those facts to the law de novo." *People v Martin*, 271 Mich App 280, 309; 721 NW2d 815 (2006) (citation omitted). Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012).

The Court reviews for an abuse of discretion a trial court's decision on a motion to disclose the identity of a confidential informant. *People v Rodriguez*, 65 Mich App 723, 728-729; 238 NW2d 385 (1975).

An affidavit supporting a search warrant is presumed to be valid. *Martin*, 271 Mich App at 311, citing *Franks v Delaware*, 438 US 154, 171; 98 S Ct 2674; 57 L Ed 2d 667 (1978). Nevertheless, "[a] defendant is entitled to a hearing to challenge the validity of a search warrant if he 'makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

---

[1] *Franks v Delaware*, 438 US 154, 171; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . .' " *Id.*, quoting *Franks*, 438 US at 155-156 (omission by *Martin* Court).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. . . . [*Franks*, 438 US at 171.]

Defendant's offer of proof in the instant case is that he did not do what the CI said he did, i.e., he did not sell drugs from his residence within 48 hours of September 19, 2012. Notably, defendant challenges the credibility of the CI, not the truthfulness of the affiant. The purpose of a *Franks* hearing, however, is to determine whether "the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit . . . ." *Ulman*, 244 Mich App 500, 510; 625 NW2d 429 (2001) (emphasis added); see also *Franks*, 438 US at 171 ("The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant."). An informant's reliability and credibility are established where, as here, the affiant states that the informant has given reliable information in the past, and that he personally purchased cocaine from defendant.[2] *People v Mayes*, 78 Mich App 618, 622; 261 NW2d 22 (1977).

Moreover, it is clear from defendant's brief to this Court, as well as his motion below, that his request for disclosure of the CI is for the purpose of cross-examining the CI in order to find something with which he can challenge the veracity of the affidavit and the validity of the resulting search warrant. This is not a preliminary showing sufficient for a *Franks* hearing. *Franks*, 438 US at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). In sum, defendant's challenge to the affidavit is arguably the type of challenge the United States

---

[2] Paragraph 3(D) of the affidavit reads as follows:

> The information provided by the CI is based on his/her personal knowledge and the CI is known to be reliable and the information credible because the CI has previously provided information to law enforcement officers regarding persons and or places involved in the sale or distribution of illegal controlled substances which has been verified and has resulted in the seizure and or recovery of controlled substances. Further, the information provided by the CI has been independently verified by investigating officers to the extent possible.

Supreme Court had in mind when it stated that the "requirement of a substantial preliminary showing would suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction." *Id*. at 170.

Defendant suggests on appeal that the CI does not exist. Assuming that defense counsel's reference below to the "alleged CI" implied an assertion that the CI did not exist, the law requires more for the production of a CI than a qualified statement that the CI does not exist. This Court established in *Poindexter* that the procedure used to resolve claims that a CI does not exist must parallel the procedure outlined in *Franks*:

> To mandate an evidentiary hearing, defendant's attack must be more than conclusory, if possible, and must be supported by more than a mere desire to determine who the informant was. There must be specific allegations of deliberate falsehood or of reckless disregard for the truth. Those allegations must be accompanied by an offer of proof and should be accompanied by a statement of supporting reasons. Also, the defendant should furnish reliable statements of witnesses to support his claim, or satisfactorily explain their absence. If these requirements are met to the trial court's satisfaction and the statements challenged by the defendant are set aside but sufficient content still remains in the affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient to support a finding of probable cause, the defendant is entitled to an evidentiary hearing. [*Poindexter*, 90 Mich App at 609.]

Defendant's challenge is not supported in the ways set forth in *Poindexter*. Rather, defendant has manifested "a mere desire to determine who the informant was."

Defendant contends that the trial court's denial of his motion for a *Franks* hearing to examine the CI violates his rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution.

The Fourth Amendment requires any warrant to be judicially sanctioned and supported by probable cause. US Const, Am IV. Defendant does not dispute that the search warrant in the instant case was judicially sanctioned. "Probable cause sufficient to support the issuance of a search warrant exists when all the facts and circumstances would lead a reasonable person to believe that the evidence of a crime or the contraband sought is in the place requested to be searched." *People v Lucas*, 188 Mich App 554, 567; 470 NW2d 460 (1991) (citation omitted). A magistrate may make a finding of probable cause to issue a search warrant on the basis of information in a supporting affidavit supplied by an unnamed person where there are "affirmative allegations from which the judge or district court magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is credible." MCL 780.653. The affidavit at issue affirmatively asserted that the unnamed informant was "reliable and the information credible because the CI has previously provided information to law enforcement officers regarding persons and or places involved in the sale or distribution of illegal controlled substances which has been verified and has resulted in the seizure and or recovery of controlled substances." Therefore, because the search warrant was judicially sanctioned and supported by probable cause, there was no Fourth Amendment violation.

The Sixth Amendment guarantees that the accused in a criminal prosecution will have the right to confront the witnesses against him and to have compulsory processes for obtaining witnesses in his favor. US Const, Am VI. The right of a criminal defendant to confront the witnesses against him may be violated where the prosecution fails to produce an unnamed informant who is a necessary res gestae witness, *Roviaro v United States*, 353 US 53, 60-65; 77 S Ct 623; 1 L Ed 2d 639 (1957), or where the trial court admits into evidence the affidavit containing information from an unnamed source that was used to secure the search warrant, *People v Tanner*, 222 Mich App 626, 632-633; 564 NW2d 197 (1997). In the instant case, the charges brought against defendant were not based on the transaction in which the CI was involved. The complainant was Detective Kashat, and the charges were based on evidence discovered by Detectives Kashat, Bush, and Rice, all of whom defendant had the opportunity to cross-examine. Thus, because the CI was not a witness against defendant with respect to the crimes for which he was charged, defendant's Sixth Amendment right to confront the witnesses against him was not violated.

The Fifth Amendment guarantees, among other things, that no person will be deprived of life, liberty, or property without due process of law. US Const, Am V. There was no Fourth or Sixth Amendment violation, and defendant did not make the necessary preliminary showing to obtain a *Franks* hearing. Consequently, defendant was not deprived of due process.

Defendant next contends that the trial court abused its discretion when it denied his motion to vacate court costs. "The right of a court to impose costs in criminal cases is statutory." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014) (internal quotation marks and citation omitted), superseded by statute on other grounds as noted in *People v Konopka*, 309 Mich App 345; 869 NW2d 651 (2015) "Thus, courts may impose costs in criminal cases only where such costs are authorized by statute." *Cunningham,* 496 Mich at 149.

Defendant was convicted of five felonies. For these, the trial court imposed the $340 statutory minimum costs pursuant to MCL 769.1j(1)(a) ($68 for each of defendant's five felony convictions). The trial court also imposed a $130 crime victim's rights assessment fee, as authorized by MCL 780.905(1)(a). Thus, the trial court imposed a total of $470 in costs. All costs imposed by the trial court were specifically authorized by statute.

Defendant also contends that his right to effective assistance of counsel was violated when his first trial attorney, William Street, performed below a minimum level of competence at the preliminary hearing, and when his second trial attorney, James Hession, was unprepared for the hearing on defendant's motion requesting a *Franks* hearing, failed to file an interlocutory appeal of the trial court's denial of defendant's motion for a *Franks* hearing, and failed to move for a *Walker* hearing.

Defendant's ineffective assistance claim is unpreserved because he did not raise this claim in his motion for a new trial, see *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008), nor did he make a timely request for an evidentiary hearing, *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). The Court's review of unpreserved claims of ineffective assistance of counsel is limited to errors apparent on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The determination whether a defendant has been deprived of the

effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). "[C]ounsel's ineffective assistance must be found to have been prejudicial in order to reverse an otherwise valid conviction." *People v Pickens*, 446 Mich 298, 314; 521 NW2d 797 (1994). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that the failure was prejudicial to the defendant, *People v Reinhardt*, 167 Mich App 584, 591; 423 NW2d 275 (1988), or by showing a failure to meet a minimum level of competence, *People v Jenkins*, 99 Mich App 518, 519; 297 NW2d 706 (1980).

The gravamen of defendant's claim against attorney Street is that he provided ineffective assistance by failing to obtain dismissal of the two felony-firearm charges at the preliminary examination. Defendant implies that he was entitled to dismissal on the ground that it was lawful under the circumstances for him to possess a firearm, and he criticizes Street for failing to find the caselaw to support this position.

Even if defendant had been entitled to possess a firearm, which as a convicted felon he was not, MCL 750.227f, the district court could still bind him over on the felony-firearm charges if plaintiff presented evidence that defendant possessed or carried a firearm while committing a felony. MCL 750.227b; *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004). Plaintiff presented evidence at the preliminary examination that a handgun was in close proximity to defendant when he was arrested, and that crack cocaine was found in defendant's kitchen and heroin in the wall. Possession of even a small amount of a controlled substance is a felony. See MCL 333.7403(2)(*iv*). Plaintiff's evidence with respect to each element of the felony-firearm charges (possession of a firearm and commission of a felony) established probable cause to believe that a crime had been committed and that defendant had committed it. MCL 766.13; MRE 6.110(E). Therefore, defendant's bindover was proper, regardless whether Street showed that defendant had the right to possess a firearm.

Defendant asserts that Street rendered ineffective assistance because he relied on "a case that supported the right to bear arms, not for a convicted felon to possess a firearm." Defendant's assertion fails to appreciate that this is what Street was trying to do. Street relied on *District of Columbia v Heller*, 554 US 570; 128 S Ct 2783; 171 L Ed 2d (2008), to argue that defendant has a Second Amendment right to have access to, i.e., constructive possession of, a firearm lawfully owned by his wife. He then attempted to expand this Court's holding in *People v Deroche*, 299 Mich App 301; 829 NW2d 891 (2013),[3] by arguing that a felony-firearm charge

---

[3] At issue in *Deroche* was whether someone who is intoxicated in his own home and lawfully, constructively possessed a firearm could be charged under MCL 750.237 (prohibiting a person from possessing or carrying a firearm while intoxicated). *Deroche*, 299 Mich App at 303. The Court held that he could not because "lawful constructive possession of a handgun in an individual's home while that individual is intoxicated is protected by the Second Amendment." *Id.* at 309-310, 312.

cannot be supported merely by constructive possession of a lawfully-owned firearm in one's own home. Given defendant's status as a convicted felon, this was a well-reasoned approach.

Defendant contends that attorney Hession rendered ineffective assistance by failing to request a *Walker* hearing, by being unprepared for defendant's *Franks* hearing, and by failing to file an interlocutory appeal of the trial court's denial of the motion for a *Franks* hearing.

The purpose of a *Walker* hearing is to determine the voluntariness of an alleged confession. *People v Walker*, 374 Mich 331, 336-339; 132 NW2d 87 (1965). Defendant is essentially claiming that inventorying the evidence in front of him was an illegal interrogation technique, and that said inventory coerced him to make the statements attributed to him by the police but which, we note, defendant steadfastly denied making at trial.

At the preliminary examination, attorney Street objected to the introduction of statements allegedly made by defendant while detectives were collecting and tabulating evidence, and after defendant had invoked his right to remain silent. Street contended, without supporting authority, that tabulating the evidence in front of defendant in a custodial environment was a form of interrogation. Plaintiff argued that the suppression of evidence required interrogation, which meant questioning, and that there was no evidence that police had continued to question defendant after he invoked his right to remain silent. Because Street had no authority to support his position, the court overruled his objection.

In light of the lack of legal and evidentiary support for requesting a *Walker* hearing, neither Street nor Hession performed below an objective level of competence by not moving for one. Our review of the record shows that none of the factors usually considered in determining the voluntariness of statements were present in the instant case. See *People v Tierney*, 266 Mich App 687, 708; 702 NW2d 24 (2005). Defendant had prior experience with the police, it is undisputed that he was read his rights, and he stated at trial that he understood his *Miranda*[4] rights. There was no evidence that defendant's age was a consideration. In addition, defendant has not claimed that he was injured, intoxicated, drugged, or in ill health when he gave the statement, or that he had been deprived of food, sleep, or medical attention, or that he was physically abused or threatened with abuse. *Id*. Thus, there is no evidentiary support that defendant's alleged statements were involuntary, nor legal support for his contention that tabulating evidence within his sight constitutes "interrogation." In light of the record, arguing that defendant's alleged statements were coerced would be a meritless position. And counsel cannot be deemed ineffective for failing to advance meritless positions. *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005).

Defendant also asserts that attorney Hession provided ineffective assistance because he inadequately prepared for defendant's motion for an evidentiary hearing. Defendant does not indicate what Hession failed to do, other than win the motion, and the fact that an attorney does not prevail on a motion does not mean that the attorney rendered ineffective assistance. See

---

[4] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

*People v Higginbotham*, 21 Mich App 489, 493; 175 NW2d 557 (1970) (noting that "[e]ffective representation does not mean successful representation").

Defendant also asserts that attorney Hession provided ineffective assistance by failing to file an interlocutory appeal of the trial court's denial of his motion for a *Franks* hearing and disclosure of the CI "so the issue would have been resolved before trial ever began." There is no basis in the record for defendant's assumption that, had Hession filed an interlocutory appeal, the *Franks* issue would have been resolved in his favor prior to trial. On the first day that trial testimony was scheduled to be taken, defendant asked the court for appointment of an attorney with appellate experience because he wanted to file an interlocutory appeal of the court's denial of his request for a *Franks* hearing. The court denied defendant's motion for a new attorney, and clearly indicated that it was not going to stay the trial should defendant decide to pursue an interlocutory appeal. Thus, even if Hession had filed an application for leave to appeal immediately after the court's February 6, 2014 denial of defendant's *Franks* motion, the trial would have proceeded.

More importantly, assuming that Hession's failure to file an interlocutory appeal constituted performance below an objective level of competence, *Jenkins*, 99 Mich App at 519, defendant cannot show that he was prejudiced, *Reinhardt*, 167 Mich App at 591. The decision not to file an interlocutory appeal did not waive defendant's right to appeal the trial court's *Franks* decision. A defendant whose pretrial motion is improperly denied has the option of requesting an emergency interlocutory appeal or going to trial and preserving the issue for appellate review should he be convicted. *People v Reid*, 113 Mich App 262, 268; 317 NW2d 589 (1982). We have addressed the propriety of the trial court's denial of defendant's motion for a *Franks* hearing and disclosure of the CI.

Affirmed.


/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey